**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| De Antoine Warren, | No. CV-24-02014-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| University of Arizona, *et al.*, | |
| Defendants. | |

In prior Orders, the Court granted *pro se* Plaintiff De Antoine Warren's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 9) but required him to refile his Complaint because the filed versions contained text that was cut off (Docs. 9, 11). Now, as Plaintiff has filed an Amended Complaint containing untruncated factual allegations (Doc. 12, Am. Compl.), the Court will screen it pursuant to 28 U.S.C. § 1915(e)(2).

**I.    LEGAL STANDARDS**

    **A.    28 U.S.C. § 1915(e)(2)**

For cases in which a party is permitted to proceed *in forma pauperis*—that is, the party lacks the means to pay court fees—Congress provided that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Section 1915(e) applies to all *in forma pauperis*

proceedings. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim." *Id.* at 1127.

### B.     Rule 8, Federal Rules of Civil Procedure

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A dismissal for failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Rule 8(a) also provides that "[a] pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction." In other words, to proceed in federal court, a plaintiff must allege enough in the complaint for the court to conclude it has subject matter jurisdiction. *See* Charles Alan Wright & Arthur R. Miller, *5 Fed. Practice & Procedure* § 1206 (3d ed. 2014).

Even where a complaint has the factual elements of a cause of action present but scattered throughout the complaint and not organized into a "short and plain statement of the claim," it may be dismissed for failure to satisfy Rule 8(a). *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988). Moreover, "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

## II.     ANALYSIS

In the Amended Complaint (Doc. 12, Am. Compl.), Plaintiff alleges he is a 51-year-old African American man with disabilities of "Mental Health/Dispression [sic]/Anxiety." (Am. Compl. at 4.) He raises claims against Defendants University of Arizona Global Campus and four individuals under Title VII, the Age Discrimination in Employment Act ("ADEA"), the Americans with Disabilities Act ("ADA"), and under state law for "Falsifying Document/Character Defamation." (Am. Compl. at 3.) As a factual basis

for these claims, Plaintiff states conclusorily that the University of Arizona Global Campus treated him unfairly, engaged in discriminatory practices, denied "[r]equests to transfer teams," and "exhibited favoritism, lack of compassion, and unwarranted disciplinary actions" during Plaintiff's time of grieving following the loss of his eldest son. (Am. Compl. at 4.) The Amended Complaint suffers from myriad defects and deficiencies, including the following:

### A. The University of Arizona is a non-jural entity.

In Arizona, a plaintiff may sue a government entity only if it is a jural entity, that is, the state legislature has granted that entity the power to sue or be sued. *Braillard v. Maricopa County*, 232 P.3d 1263, 1269 (Ariz. Ct. App. 2010). The University of Arizona is a non-jural entity under Arizona law and "cannot be sued in its own name." *Ansel Adams Publ'g Rts. Tr. v. PRS Media Partners, LLC*, 502 F. App'x 659, 660 (9th Cir. 2012). Instead, "the Arizona Board of Regents (Board), as the governing body for Arizona's public universities, is the proper defendant for all actions against the University." *Id.* As a result, Plaintiff cannot sue the University of Arizona Global Campus, and the Court will dismiss Plaintiff's claims against it.

### B. Plaintiff does not allege that he exhausted his administrative remedies.

To seek relief under Title VII, a plaintiff must first exhaust any administrative remedy available under 42 U.S.C. § 2000e-5 by filing a charge with the Equal Employment Opportunity Commission (EEOC). *Surrell v. Ca. Water Serv. Co.*, 518 F.3d 1097, 1104 (9th Cir. 2008). The plaintiff must file the charge of discrimination within 180 or 300 days "after the alleged unlawful employment practice occurred," depending on whether the plaintiff first instituted proceedings with a state or local agency. 42 U.S.C. § 2000e-5(e)(1). The EEOC must issue a right-to-sue letter before the plaintiff can file a Title VII suit in federal court. *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988); 42 U.S.C. § 2000e-5(f)(1).

The ADEA also requires a plaintiff to file a discrimination charge with the EEOC before bringing a civil action: "No civil action may be commenced by an individual under

this section until 60 days after a charge alleging unlawful discrimination has been filed with the [EEOC]." 29 U.S.C. § 626. Also, before a plaintiff may file an ADA discrimination claim in federal court, he must file a charge of discrimination with the EEOC. *See Fort Bend County v. Davis*, 139 S. Ct. 1843, 1851 (2019) (holding that the charge-filing requirement is a mandatory processing rule); *Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1176 (9th Cir. 2000) (stating the filing of a charge of discrimination within 300 days of an alleged violation is a mandatory prerequisite to maintaining an ADA action) (overruled on other grounds).

Here, Plaintiff does not allege in the Amended Complaint that he filed a charge of discrimination with the EEOC for his Title VII, ADEA or ADA claims. If he failed to timely do so and obtain a right-to-sue letter from the EEOC, he may not bring those claims in federal court.

### C. Plaintiff does not allege that he sent a notice of his state law claim.

Under Arizona law, A.R.S. § 12-821.01(A) and (C), persons with a state law claim against a public entity or public employee must provide a notice of that claim to a person authorized to accept service within 180 days after the cause of action accrues. *See Picht v. Peoria Unified Sch. Dist. No. 11 of Maricopa Cnty.*, 641 F. Supp. 2d 888, 892 (D. Ariz. 2009). The Arizona Supreme Court has stated that the purposes of § 12-821.01(A) include "allowing public entities and employees the opportunity to realistically and meaningfully investigate and assess a claim, and determine whether to settle and possibly avoid litigation altogether." *Drew v. Prescott Unified Sch. Dist.*, 314 P.3d 1277, 1281 (Ariz. Ct. App. 2013) (*citing Backus v. State*, 203 P.3d 499, 503–04 (Ariz. 2009)). "Compliance with § 12-821.01(A) is a '*mandatory*' and '*essential*' prerequisite." *Salerno v. Espinoza*, 115 P.3d 626, 628 (Ariz. Ct. App. 2005) (emphasis in original) (*quoting Martineau v. Maricopa County*, 86 P.3d 912, 914 (Ariz. Ct. App. 2004)). Failure to comply is not cured by substantial compliance. *Deer Valley Unified Sch. Dist. v. Houser*, 152 P.3d 490, 495–96 (Ariz. 2007).

With regard to Plaintiff's claim of "falsifying document/character defamation," Plaintiff does not allege that he sent the required notice of claim to Defendants, who are public employees. If he failed to do so, he may not bring his state law claim against them before the Court.

**D.     Plaintiff alleges insufficient facts in the Complaint to support his claims.**

Even if Plaintiff is able to show he met the requirements described above, Plaintiff's factual allegations in the Amended Complaint are insufficient under Rule 8 and the associated *Iqbal/Twombly* standard. For example, Plaintiff does not allege a single fact with specificity regarding conduct by any individual Defendant from which the Court could infer that the individual may be liable under the law identified by Plaintiff. Such a deficiency fails to provide sufficient notice to Defendants of Plaintiff's claims against them. And the Complaint also contains no dates from which the Court could determine whether the claims fall within the applicable statute of limitations period. For these reasons, Plaintiff fails to state a legal claim against any Defendant.

**E.     Plaintiff may file another Amended Complaint if he can cure the defects.**

If a defective complaint can be cured, the plaintiff is entitled to amend the complaint before the action is dismissed. *Lopez*, 203 F.3d at 1130. Here, the Court will allow Plaintiff to file a Second Amended Complaint if he can cure all the defects and deficiencies identified in this Order.

**IT IS THEREFORE ORDERED** dismissing the Amended Complaint (Doc. 12) for failure to state a claim. Plaintiff may file a Second Amended Complaint by **October 18, 2024,** if he can cure all of the defects and deficiencies identified in this Order.

**IT IS FURTHER ORDERED** that, if Plaintiff fails to timely file a Second Amended Complaint, the Clerk of Court may close this matter.

Dated this 3rd day of October, 2024.

Honorable John J. Tuchi
United States District Judge